IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RAFAEL VALTIERRA and OFELIA VALTIERRA,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**WORLD SAVINGS BANK, et al.,**<br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) | **1:12-CV-1227 AWI BAM**<br><br>**ORDER ON MOTION TO DISMISS AND ORDER ON MOTION FOR SANCTIONS**<br><br>(Doc. Nos. 2, 5) |

This is a mortgage foreclosure case brought by Plaintiffs against Defendants. This is the fourth lawsuit brought by Plaintiffs relating to the same mortgage. Defendants move to dismiss Plaintiffs' Complaint and for sanctions. Plaintiffs have not filed an opposition or a response of any kind. For the reasons that follow, both of the motions will be granted.

**BACKGROUND**

On June 21, 2006, Plaintiff Rafael Valtierra and his wife, Ofelia Valtierra, obtained a $488,000 mortgage from World Savings Bank, FSB ("World Savings Bank"), which through a number of corporate changes has become Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). See Complaint ¶ 21; Request for Judicial Notice ("RJN") Exs. A-E.[1] The loan was memorialized by promissory note and secured by a Deed of Trust against 1921 Katherine Court, Turlock, CA. See Complaint ¶ 2; RJN Ex. F.

---

[1] Defendants request the Court take judicial notice of numerous documents, which are either public records or court documents. Plaintiffs have not responded to the request. The Court will grant Defendants' request and take judicial notice of the pertinent documents. See Fed. R. Evid. 201; Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010); Botelho v. U.S. Bank, N.A., 692 F.Supp.2d 1174, 1178 (N.D. Cal. 2010).

Plaintiff fell behind on payments, and a Notice of Default was recorded on August 3, 2009. See RJN Ex. G. A Notice of Trustee Sale was recorded on November 5, 2009. See RJN Ex. H. The sale took place on March 8, 2010, and a trustee's deed upon sale was recorded on March 16, 2010. See RJN Ex. I. Wells Fargo purchased the property at the sale. See id.

Plaintiffs have filed three previous lawsuits relating to this mortgage and the subsequent foreclosure. See RJN Exs. J, K, L. The first case was filed in this Court and was dismissed with prejudice for failure to state a claim. See Doc. No. 41 in Case No. 1:10-CV-849 AWI MSJ ("Valtierra I"). The second case, which dealt with credit reporting, was also filed in this Court and dismissed with prejudice for failure to prosecute. See Doc. No. 20 in Case No. 1:10-CV-1455 AWI GSA. The third case was filed in the Stanislaus County Superior Court and was dismissed without prejudice in 2011 for lack of prosecution. See RJN Ex. L.

## I. Rule 12(b)(6) Motion To Dismiss

*Defendants' Argument*[2]

Defendants argue that each of the claims alleged in this Complaint are barred by res judicata. Plaintiffs have already attempted to challenge the foreclosure sale. The only new allegations in this case relate to securitization of Plaintiffs' mortgage and transfers by the original lender, World Savings Bank. However, the new allegations do not defeat res judicata.

Defendants also argue that Wells Fargo had standing to foreclose and properly did foreclose on the property. Despite the allegations of a transfer, World Savings Bank changed its name to Wachovia Mortgage, and Wachovia Mortgage merged into Wells Fargo. The deed of trust denotes that the lender/trustee is "World Savings Bank, FSB, its Successors and/or Assignees." The transition from World Bank into Wells Fargo shows that no transfer of Plaintiffs' note occurred.

*Plaintiff's Opposition*

Plaintiffs have filed no opposition or response of any kind.

---

[2] Defendants make numerous arguments in favor of dismissal. However, given the Court's resolution of the motion to dismiss, it is unnecessary to address each argument.

*Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; see Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Discussion*

Plaintiffs allege four causes of action in their Complaint: fraud, wrongful foreclosure, quiet title, and declaratory relief. These claims are all based on the premise that World Savings Bank improperly transferred the note and/or deed of trust to unnamed Doe Defendants. See Doc. No. 1 at ¶¶ 20-26. However, Defendants assert that Plaintiffs' loan was not sold or transferred to any other entity and that Wells Fargo had standing to foreclose.

Judicially noticed documents show that World Savings Bank changed its name to Wachovia Bank, and then merged into Wells Fargo. See RJN Exs. A to E. This transition has been acknowledged in other federal judicial proceedings. See Wolf v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 117835, *3 (N.D. Cal. Oct. 12, 2011); Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp.2d 1022, 1035 (N.D. Cal. 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp.2d 1119, 1121 (N.D. Cal. 2010). Accordingly, Wells Fargo is the successor to World Savings Bank following the merger, and any "transfer" of Plaintiffs' note and deed of trust between World Savings Bank and Wells Fargo would have been proper.[3] See Park v. Wells

[3]Black's Law Dictionary defines the term "successor" in pertinent part as: "a corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." Black's Law Dictionary 1473 (8th ed. 2004).

Fargo Bank, 2012 U.S. Dist. LEXIS 113828, *5 (N.D. Cal. Aug. 13, 2012); Nguyen, 749 F.Supp.2d at 1035.

Plaintiffs in no way refute or address Defendants' assertion that no transfer actually occurred and that Wells Fargo had standing to foreclose as World Savings Bank's successor. In light of the judicially noticed documents, and the Plaintiffs' failure to address or refute Defendants' arguments regarding transfer, the Court can only conclude that Plaintiffs' note was not transferred and that Wells Fargo, as successor to World Savings Bank, had the authority to foreclose. Because the key basis for each of Plaintiffs' causes of action, i.e. that flawed transfers occurred, is false, dismissal of each of the causes of action is appropriate.

Alternatively, the doctrine of res judicata, or claim preclusion, bars any lawsuits on any claims that were raised or could have been raised in a prior action," and applies if there is: "(1) an identify of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2010). Here, the first element is satisfied because Plaintiffs filed both this lawsuit and *Valtierra I*, and Wells Fargo was a defendant in each case.[4] The second element is satisfied because *Valtierra I* ended in a dismissal with prejudice for failure to state a claim, and no appeal was taken. See Stewart v. United States Bancorp, 297 F.3d 953, 957 (9th Cir. 2002). Finally, Plaintiffs do not contradict the assertion that their claims are based on allegations regarding securitization of their note. In *Valtierra I*, Plaintiffs alleged causes of action for *inter alia* fraud, wrongful foreclosure, and equitable relief, and Plaintiffs attempted to undo the foreclosure sale. The basis of the *Valtierra I* claims stemmed from alleged misrepresentations about a deadline in which to conduct a short sale. See Doc. No. 33 in *Valtierra I*. Of particular note, however, was the allegation that Defendants typically engaged in the practice of securitization. See id. at ¶ 10. Since Plaintiffs were attempting to undo an allegedly wrongful foreclosure sale, and were also aware of the typical securitization practices of Defendants as evidence by an express allegation, the Court is aware of no reason why Plaintiffs could not have brought claims in *Valtierra I* that were based on

[4] Although Wells Fargo is not named as a defendant in the case at bar, as explained above, Wells Fargo is the successor of named defendant World Savings Bank, formerly known as Wachovia Bank. See Park, 2012 U.S. Dist. LEXIS 113828, *5 (N.D. Cal. Aug. 13, 2012); Nguyen, 749 F.Supp.2d at 1035.

the securitization of Plaintiffs' note. That being said, it is not necessarily clear that Plaintiffs' causes of action in this case are premised entirely on securitization. Nevertheless, securitization is part of the Complaint, and Plaintiffs have chosen neither to challenge that characterization of their claims nor to defend against the res judicata argument. To the extent that Plaintiffs' claims are based on securitization arguments, the Court finds that res judicata bars those claims.

*Conclusion*

Plaintiffs' Complaint fails to state a claim either through the operation of res judicata or because the causes of action are based on transfers that did not actually occur. Plaintiffs have not indicated that they wish to amend their Complaint or that they can successfully amend. The Court sees no way that amendment would cure the deficiencies. Because amendment appears to be futile, the Court will dismiss the Complaint with prejudice. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## II. Rule 11 Sanctions

*Defendants' Argument*

Defendants argue that this case is frivolous and that sanctions are appropriate. Defendants argue that the Complaint relies on allegations that are false, as shown by judicially noticed documents. Further, Plaintiffs' claims are barred by res judicata. Plaintiffs cannot point to any legitimate basis for challenging the foreclosure sale or challenging Wells Fargo's standing to foreclose. If the motion is unopposed, an award of $550 in attorney's fees should be awarded.

*Plaintiffs' Opposition*

Plaintiffs have filed no opposition or response of any kind.

*Legal Standard*

Rule 11 provides in pertinent part as follows:

> (b) Representations to Court. By presenting to the court a pleading or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by

> existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishment of new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions. (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Rule 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or motions they file and (2) the pleading or motion is grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994). A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997). "A frivolous case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." Chevron U.S.A., Inc. v. M&M Petroleum Servs., 658 F.3d 948, 952 (9th Cir. 2011). Rule 11 applies to pro se litigants. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

*Discussion*

As an initial matter, Defendants' motion for sanctions was filed separately from any other motion. Defendants also represent that, at least 21 days prior to filing the motion with the Court, they served notice of the Rule 11 motion on Plaintiffs. See Doc. No. 9 at 2:8-13. Therefore, Defendants have followed Rule 11's mandatory procedural requirements. See Fed. R. Civ. Pro. 11(c)(2); Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001).

As for the substance of Defendants' motion, the indication before the Court is that, first no transfer of Plaintiffs' note or deed of trust occurred, and this fact is key to the entirety of the Complaint. Plaintiffs have not explained what efforts they undertook to investigate their claims prior to filing suit or what their legal basis is for making their claims. Second, to the extent that

Plaintiffs' claims are based on securitization, they are barred by res judicata. Finally, this is the fourth lawsuit that Plaintiffs have brought against Wells Fargo, and the third that directly challenges the foreclosure that occurred in March 2010. It appears to the Court that Plaintiffs filed this lawsuit in an effort to harass Wells Fargo. In the absence of an opposition or response of any kind, and considering Plaintiffs' pro se status, the Court concludes that Plaintiffs' Complaint is frivolous and that Rule 11 sanctions are appropriate. See Fed. R. Civ. Pro. 11(b); Chevron, 658 F.3d at 952; Buster, 104 F.3d at 1190; Zaldivar, 780 F.2d at 831; see also Warren, 29 F.3d at 1390.

Defendants request $550 in attorney's fees as a sanction. This amount represents 2 hours of time by attorney Michael Rapkine at a billing rate of $275 per hour. In *Valtierra I*, the Court granted the defendants' motion for attorney's fees. See Doc. No. 50 in *Valtierra I*. Mr. Rapkine, as well as his law firm, represented the defendants in *Valtierra I*. See id. The Court found that the billing rates for Mr. Rapkine's firm were generally reasonable. See id. Consistent with that order, the Court finds that the $550 requested in this case is reasonable under the circumstances. The Court will award Defendants $550 in sanctions for Plaintiffs' violation of Rule 11.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(6) motion to dismiss is GRANTED and this case is DISMISSED with prejudice;
2. Defendants' Rule 11 motion for sanctions is GRANTED;
3. Plaintiffs are sanctioned $550 for violating Rule 11, payable to the moving defendants; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: October 29, 2012

CHIEF UNITED STATES DISTRICT JUDGE