IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VALTIERRA and OFELIA VALTIERRA,<br><br>     Plaintiffs,<br>  v.<br><br>WORLD SAVINGS BANK, et al.,<br><br>     Defendants. | 1:12-CV-1227  AWI BAM<br><br>ORDER VACATING OCTOBER 31, 2012 ORDER AND JUDGMENT and AMENDED ORDER ON DEFENDANTS' RULE 12(b)(6) AND RULE 11 MOTIONS<br><br>(Doc. Nos. 2, 5, 8, 9) |

  This case was filed by Plaintiffs on July 26, 2012.  On August 10, 2012, Defendants filed a Rule 12(b)(6) motion to dismiss this case.  On September 7, 2012, Defendants filed a Rule 11 motion for sanctions.

  On October 24, 2012, the Court vacated the October 29, 2012 hearing date on Defendants motions.  On October 29, 2012, the Court signed an order that granted both motions and closed the case.  See Doc. No. 8.  That order was docketed on October 31, 2012.  See id.

  On October 26, 2012, the Plaintiffs submitted a Rule 41(a)(1) dismissal.  See Doc. No. 7.  The dismissal was docketed on October 29, 2012, after the Court signed the order granting Defendants' motion, but before that order was docketed.  The dismissal was docketed with an October 26, 2012, filing date.  See id.  Because Plaintiffs' filed their Rule 41(a)(1) dismissal prior to the Court's ruling on Defendants' motion, it is necessary for the Court to vacate its prior order and issue this amended order.

### I. Rule 12(b)(6) Motion To Dismiss

  A Rule 41(a)(1)(A)(i) dismissal, if filed prior to the service of an answer or motion for

1  summary judgment, is effective automatically upon filing and does not require a court order.
2  See Fed. R. Civ. Pro. 41(a)(1)(A)(i); Nelson v. Napolitano, 657 F.3d 586, 587-88 (7th Cir. 2011);
3  Duke Energy Trading & Mktg., LLC v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001).  "Once the
4  notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims
5  and may not address the merits of such claims or issue further orders pertaining to them."  United
6  States v. 475 Martin Lane, 545 F.3d 1134, 1145 (9th Cir. 2008); Duke Energy, 267 F.3d at 1049.

7       Here, Plaintiffs' Rule 41(a)(1) notice was filed prior to the filing of the Court's order on
8  Defendants' motion.  Therefore the notice deprives this Court of jurisdiction to address the
9  merits of Defendants Rule 12(b)(6) motion or to address Plaintiffs' claims.  See 475 Martin
10  Lane, 545 F.3d at 1145; Duke Energy, 267 F.3d at 1049.  Accordingly, Defendants' Rule
11  12(b)(6) motion is denied as moot.

### II.  Rule 11 Motion

*Defendants' Argument*

Defendants argue that this case is frivolous and that sanctions are appropriate. Defendants argue that the Complaint relies on allegations that are false, as shown by judicially noticed documents.  Further, Plaintiffs' claims are barred by res judicata.  Plaintiffs cannot point to any legitimate basis for challenging the foreclosure sale or challenging Wells Fargo's standing to foreclose.  If the motion is unopposed, an award of $550 in attorney's fees should be awarded.

*Plaintiffs' Opposition*

Plaintiffs have filed no opposition or response of any kind to the Rule 11 motion.

*Legal Standard*

Rule 11 provides in pertinent part as follows:

> (b) Representations to Court.  By presenting to the court a pleading or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

2

      reversing existing law or for establishment of new law;
        (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;  and
        (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions. (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Rule 11 imposes a duty on attorneys to certify that (1) they have read the pleadings or motions they file and (2) the pleading or motion is grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994). A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith."  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry."  Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).  "A frivolous case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." Chevron U.S.A., Inc. v. M&M Petroleum Servs., 658 F.3d 948, 952 (9th Cir. 2011). Rule 11 applies to pro se litigants.  See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

*Discussion*

As an initial matter, a Rule 41(a)(1) notice does not terminate a court's jurisdiction to consider a Rule 11 motions for sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397-98 (1990); Nelson, 657 F.3d at 588-89.  Thus, unlike the Rule 12(b)(6) motion, Defendants' Rule 11 motion is unaffected by Plaintiffs' Rule 41(a)(1) notice of dismissal.  See id.

Additionally, Defendants' motion for sanctions was filed separately from any other motion.  Defendants also represent that, at least 21 days prior to filing the motion with the Court, they served notice of the Rule 11 motion on Plaintiffs. See Doc. No. 9 at 2:8-13.  Therefore, Defendants have followed Rule 11's mandatory procedural requirements. See Fed. R. Civ. Pro. 11(c)(2); Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001).

3

As for the substance of Defendants' motion, Plaintiffs have not challenged or defended the contention that Wells Fargo is the successor of World Savings Bank and no transfer of Plaintiffs' note or deed of trust occurred.  See Request of Judicial Notice ("RJN") Exs. A to E; see also Wolf v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 117835, *3 (N.D. Cal. Oct. 12, 2011); Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp.2d 1022, 1035 (N.D. Cal. 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp.2d 1119, 1121 (N.D. Cal. 2010).  This fact is key to the entirety of the Complaint, but Plaintiffs do not explain why they contend that a transfer occurred. Further, this is the fourth lawsuit that Plaintiffs have brought against Wells Fargo, and the third that directly challenges the foreclosure that occurred in March 2010.  Two of the prior three lawsuits were dismissed with prejudice, while the third was dismissed for lack of prosecution. See RJN Exs. J, K, and L.  Plaintiffs have not explained what efforts they undertook to investigate their claims prior to filing suit, what their legal basis is for making their claims in this case, or why this case represents a reasonable and good faith lawsuit.  Finally, Plaintiffs waited 49 days after the filing of the Rule 11 motion before voluntarily dismissing this case.  Thus, the motion for sanctions was in Plaintiffs' possession for at least 70 days (49 days plus the 21 day safe harbor period) before they filed their Rule 41 dismissal.  The dismissal could have been filed within the 21 day safe harbor period of Rule 11, and it certainly could have been issued prior to the Court expending its scarce resources in resolving Defendants' motions.  Instead, Plaintiffs chose to wait to the last court day before October 29.[1]  The timing of Plaintiffs' dismissal does not indicate good faith.

In the absence of an opposition or response of any kind from Plaintiffs, and considering Plaintiffs' pro se status, the Court concludes that Plaintiffs filed this lawsuit without reasonable investigation and that it was filed in an effort to harass Defendants.  Therefore, Rule 11 sanctions are appropriate.  See Fed. R. Civ. Pro. 11(b); Cooter & Gell, 496 U.S. at 397-98; Chevron, 658 F.3d at 952; Buster, 104 F.3d at 1190; Warren, 29 F.3d at 1390; Zaldivar, 780 F.2d at 831.

---

[1] The Court had earlier vacated the October 29, 2012, hearing date, and that order indicated that the Court would take Defendants' motions under submission as of October 29, 2012, and would thereafter issue rulings. See Doc. No. 6.

     Defendants request $550 in attorney's fees as a sanction. This amount represents 2 hours of time by attorney Michael Rapkine at a billing rate of $275 per hour. In *Valtierra I*, the Court granted the defendants' motion for attorney's fees. See Doc. No. 50 in *Valtierra I*. Mr. Rapkine, as well as his law firm, represented the defendants in *Valtierra I*. See id. The Court found that the billing rates for Mr. Rapkine's firm were generally reasonable. See id. Consistent with that order, the Court finds that the $550 requested in this case is reasonable under the circumstances. The Court will award Defendants $550 in sanctions for Plaintiffs' violation of Rule 11.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's October 31, 2012, order (Doc. No. 8) is VACATED;
2. The judgment dated October 31, 2012 (Doc. No. 9), is VACATED;
3. Defendants' Rule 12(b)(6) motion (Doc. No. 2) is DENIED as moot;
4. Defendants' Rule 11 motion for sanctions (Doc. NO. 5) is GRANTED;
5. Plaintiffs are sanctioned $550 for violating Rule 11, payable to the moving defendants; and
6. The Clerk shall CLOSE this case in light of Plaintiffs' Rule 41(a)(1) notice of dismissal (Doc. No. 7).

IT IS SO ORDERED.

Dated:  November 1, 2012

_____
UNITED STATES DISTRICT JUDGE